```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF SOUTH CAROLINA
                  CHARLESTON DIVISION
```

| | |
|---|---|
| David Oppenheimer and<br>Performance Impressions, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>Grossman Atlantic, L.P.,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>) Civil Action 2:15-cv-<u>04504</u>-<u>DCN</u><br>)<br>)<br>)<br>)<br>)<br>)    (JURY TRIAL DEMANDED) |

## PLAINTIFFS' VERIFIED COMPLAINT

COME NOW David Oppenheimer and Performance Impressions, LLC, Plaintiffs in the above captioned action, and, complaining of Defendant, show this Honorable Court as follows:

1. This is a civil action for copyright infringement arising under the Constitution, laws, or treaties of the United States and is a civil action arising under an Act of Congress relating to copyrights.

2. Plaintiffs invoke the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, pursuant to 28 U.S.C. § 1338(a) because it is related to copyrights, and pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

1

3. This case is governed by the *Copyright Act,* 17 U.S.C. § 101, *et seq.,* and laws supplemental thereto and amendatory thereof.

4. At all times material hereto, Plaintiff David Oppenheimer (hereinafter "Oppenheimer") was and is a citizen of the State of North Carolina, residing in Asheville, NC.

5. At all times material hereto, Oppenheimer was and is a professional photographer and visual artist doing business through his company, Performance Impressions, LLC.

6. At all times material hereto, Plaintiff Performance Impressions, LLC (hereinafter "Performance"), was and is a limited liability company created and existing by virtue of the laws of the state of North Carolina, with a place of business in Asheville, NC.

7. Performance was and is in the business of licensing, and selling for profit photographs and visual images created by Oppenheimer.

8. On information and belief at all times material hereto, Defendant Grossman Atlantic, L.P. (hereinafter "Grossman Atlantic") was and is a limited partnership created and existing by virtue of the laws of South Carolina, doing business as "Grossman Atlantic," with a principal place of business at 2423 Atlantic Avenue, Sullivan's Island, SC 29482.

9. This Court has personal jurisdiction over Grossman Atlantic because Grossman Atlantic conducts systematic and continuous

business within this judicial District, Grossman Atlantic's agents and partners can be found within this judicial District, and acts giving rise to the Complaint occurred within this judicial District.

10. On information and belief at all times material hereto, Grossman Atlantic was and is in the real estate rental business in the Charleston, SC area.

11. On information and belief at all times material hereto, Grossman Atlantic was the owner of Unit 14-E, Dockside Condominiums, 330 Concord Street, Charleston, SC 29403, TMS 4590000126 (hereinafter "Unit 14-E").

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and pursuant to 28 U.S.C. § 1400(a) because Grossman Atlantic conducts systematic and continuous business within this judicial District, Grossman Atlantic's agents and partners can be found within this judicial District, and acts giving rise to the Complaint occurred within this judicial District.

FOR A FIRST CAUSE OF ACTION
(Direct Copyright Infringement)

13. Plaintiffs restate the above allegations as if set forth herein verbatim.

14. On or before June 11, 2014 Plaintiffs created a photographic image ("photograph") depicting an aerial view of Dockside Condominiums with Charleston Harbor in the background.

15. The subject photograph was owned by Oppenheimer.

16. The subject photograph was not in the public domain.

17. On June 11, 2014, Oppenheimer registered the subject photograph with the United States Copyright Office under registration number VAu 1-176-941.

18. From the date of creation, Plaintiffs have held all the exclusive rights to the subject photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly. 17 U.S.C. § 106.

19. After registration of the copyright, Plaintiffs published the subject photograph on one or more websites with numerous copyright notices including a watermark with clear copyright management information.

20. Without authority of the copyright owner or the law, on or about July 15, 2014 Grossman Atlantic downloaded Plaintiffs' photograph, and then reproduced, displayed, distributed, and used the subject photograph for its direct financial benefit.

21. On information and belief, Grossman Atlantic submitted Plaintiffs' photograph with commercial advertising to Postlets.com in advertising Unit 14-E for rent to the public in interstate commerce.

22. On information and belief, Grossman Atlantic knew from the Postlets.com website at the "How It Works" page that

Postlets.com posts the user's ad on "20+" top real estate rental websites.

23. On information and belief, Grossman Atlantic knew from the Postlets.com "Postlets Syndication Partners" page that "Each listing you create on Postlets is automatically distributed to these partner sites to maximize your exposure, and drive more leads."

24. On information and belief, Grossman Atlantic knew from the Postlets.com "Postlets Syndication Partners" page that Postlets Syndication Partners included, Zillow, Yahoo Homes, trulia, HGTV FrontDoor, Hotpads, MSN Real Estate, RentBits, Walkscore, Rentjungle, Rentenna, Zumper, MapLiv, RentMatch, AOL Real Estate, LiveLovely, Enormo, Oodle, Military.com, Facebook, BackPage.com, ByOwnerMLS, Vast, Trovit, Geebo, Yakaz, and MyNewPlace.

25. On information and belief, said commercial advertisements including at least 26 reproductions of the subject photograph were widely displayed and made publicly available on the internet.

26. The said acts of Grossman Atlantic constituted direct willful infringement of Plaintiffs' copyrights in the subject photograph. 17 U.S.C. § 504(b) and (c).

27. On information and belief, as a direct and proximate result of Grossman Atlantic's actions in submitting the advertising of

Unit 14-E including Plaintiffs' photograph to Postlets.com, Plaintiffs' photograph was displayed on 26 real estate rental websites in violation of Plaintiffs' rights.

28. On information and belief, Grossman Atlantic's actions directly and proximately resulted in at least 26 infringing uses of Plaintiffs' photograph.

29. As a direct and proximate result of said willful infringement of Plaintiffs' copyrights Plaintiffs have suffered actual damages estimated at $130,000.00 ($5,000.00 per infringing use) and have incurred, and will in the future incur, attorneys' fees and costs of this action.

30. On information and belief, as a direct and proximate result of said willful infringement of Plaintiffs' copyrights, Grossman Atlantic as infringer has received gross revenues from rental of Unit 14-E estimated at $50,000.00 during the infringement, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

31. In the alternative, Plaintiffs are entitled to elect statutory damages. 17 U.S.C. § 504(c).

32. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

FOR A SECOND CAUSE OF ACTION
(Vicarious Copyright Infringement)

33. Plaintiffs restate the above allegations as if set forth

herein verbatim.

34. On information and belief, Postlets.com furthered the financial interests of Grossman Atlantic by displaying Plaintiffs' photograph on 26 real estate rental websites in advertising of Unit 14-E for rent to the public in interstate commerce.

35. On information and belief, Postlets.com reproduced, displayed, distributed, and used the subject photograph on 26 web pages in connection with said advertising.

36. On information and belief, Grossman Atlantic had the right and ability to supervise Postlets.com's infringing activity.

37. On information and belief, Grossman Atlantic had a direct financial interest in advertising its real estate for rent.

38. As a consequence of its financial interest and its right and ability to supervise, Grossman Atlantic has vicarious liability for 26 instances of copyright infringement.

39. As a direct and proximate result of Grossman Atlantic's vicarious liability for said copyright infringement, Plaintiffs are entitled to money damages, statutory damages, declaratory relief, injunctive relief, and an award of attorneys' fees and costs of this action.

## PLAINTIFFS' PRAYER

WHEREFORE, by reason of the foregoing, Plaintiffs demand trial

by jury of all issues of fact, and pray that summons issue as to Defendant; that Defendant be cited and made to appear and answer the aforesaid matters; that process in due form of law according to the practice of this Court issue against Defendant; that judgment be rendered for Plaintiffs and against Defendant for actual damages and all additional profits in an amount to be determined by the jury, and for an award of attorneys' fees and costs of the action; or, in the alternative, upon Plaintiffs' election, that judgment be rendered for Plaintiffs and against Defendant for statutory damages, attorneys' fees and costs; and that judgment be rendered for Plaintiffs and against Defendant for declaratory relief, injunctive relief, attorneys' fees, and costs of the action; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

RESPECTFULLY SUBMITTED:

JOHN HUGHES COOPER, P.C.

By: /s/John Hughes Cooper
JOHN HUGHES COOPER, ESQUIRE
    Federal Court ID 298
    South Carolina Bar 1387
    State Bar of Georgia 185986
    shiplaw@jhcooper.com
JOHN TOWNSEND COOPER, ESQUIRE
    Federal Court ID 10172
    South Carolina Bar 76087
    jtc@jhcooper.com
1476 Ben Sawyer Blvd., Suite 7
Mt. Pleasant, SC 29464
843-883-9099; fax 843-883-9335

ATTORNEYS FOR PLAINTIFFS,
DAVID OPPENHEIMER and PERFORMANCE IMPRESSIONS, LLC

November 3, 2015
Mt. Pleasant, South Carolina

## V E R I F I C A T I O N

PERSONALLY APPEARED David Oppenheimer, who, under penalty of perjury, deposes and says:

a) My name is David Oppenheimer and I am one of the Plaintiffs in the instant action. I am over 18, of sound mind, and a resident of North Carolina.

b) I have read the foregoing PLAINTIFFS' VERIFIED COMPLAINT and know the contents thereof and the same are true and correct to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

c) The sources of my information and the grounds of my belief are, my personal knowledge, and documents in my possession.

d) The above statements are true and correct under penalty of perjury.

|  |  |
|---|---|
| _____ | _11/03/2015_ |
| David Oppenheimer | Date |

# V E R I F I C A T I O N

PERSONALLY APPEARED David Oppenheimer, who, under penalty of perjury, deposes and says:

a) My name is David Oppenheimer and I am one of the Plaintiffs in the instant action. I am over 18, of sound mind, and a resident of North Carolina.

b) I have read the foregoing PLAINTIFFS' VERIFIED COMPLAINT and know the contents thereof and the same are true and correct to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

c) The sources of my information and the grounds of my belief are, my personal knowledge, and documents in my possession.

d) The above statements are true and correct under penalty of perjury.

_David Oppenheimer_     11/05/2015
David Oppenheimer     Date

10